[No. 29725.   Department Two.   November 2, 1945.]

CARL F. MADSEN, *Appellant,* v. THE WINTHROP HOTEL *et al.,*
*Respondents.*[1]

*J. Peter P. Healy,* for appellant.

*John D. MacGillivray,* for respondents.

GRADY, J.—This action was brought by Carl F. Madsen
against The Winthrop Hotel, a corporation, and Sherman J.
Thordsen and wife to recover a judgment for damages al-
leged to have been sustained as a result of an unlawful entry
into the room occupied by him by house detectives of the
hotel company while he was its guest, and who he claimed
directed insulting language to and made assaults upon him.
A trial before the court resulted in the making of findings
of fact and rendering a judgment adverse to the claims of
the plaintiff from which this appeal has been taken.

The version of the transaction involved in this case given
to the court by appellant was that he was a paying guest
of the respondent Winthrop Hotel; that he occupied room
330 and retired about 11:30 p. m.; that between two and
three o'clock in the morning he was awakened by the ring-

[1]Reported in 163 P. (2d) 131.

ing of the telephone and upon answering was told to be more quiet and not make so much noise; that he then advised the desk clerk who had called him that he had been asleep; that there had been no noise, and he must have called the wrong room; that soon thereafter someone rapped on the door of his room and demanded entrance; that he called the desk clerk by telephone and was informed that the parties at the door were house detectives and was directed to allow them to enter the room; that he opened the door, and respondent Thordsen and another party with him entered; that Thordsen asked him where the woman was; that he told the detective he did not know what it was all about; that Thordsen then slapped him a couple of times, and he then lay back on the bed; that Thordsen stated he had been looking for him for three or four years and again slapped him a couple of times and called him yellow; that Thordsen referred to him by an objectionable name (which it is unnecessary to repeat) and said: "Are you going to give me the twenty dollars you owe me?" There was some argument about the claim of the twenty dollar debt. When appellant attempted to use the telephone, Thordsen shoved him away from it and took out his gun and waved it. After Thordsen and his companion had searched the room and bathroom, two patrolmen came to the door and were informed by Thordsen they were dismissed as it was all a mistake.

The version given by respondents was that Thordsen came on duty at the hotel at twelve p. m. and was then instructed by the hotel clerk to keep room 330 and other designated rooms under surveillance as complaints had been received at the desk; that, on checking room 330, Thordsen could hear a party in progress, and, although the room was noisy, other rooms were creating more disturbance so he took no action; that Thordsen visited room 425 of the hotel at 2:30 a. m.; that he found a man and woman there (with whom it appears appellant had been in the company of earlier in the evening) and placed them under arrest for being drunk and disorderly; that in room 425 Thordsen found a key to room 330 (occupied by appellant) and was

advised by those parties that they had been in room 330 with appellant and a woman; that Thordsen shortly thereafter went to room 330, knocked upon the door, identified himself, and received admittance; that upon entering he found no woman there but did find the room in disarray, Madsen under the influence of liquor and with lipstick smeared over his face; that Thordsen and appellant recognized each other as having had some business transaction a few years before, and a discussion followed with reference thereto; that when the officers who had been called arrived, Thordsen dismissed them and then left the room. Thordsen denied that he mistreated, assaulted, or insulted the appellant in any way while he was in the room. His companion detective did not testify as a witness.

At the close of the trial, the trial judge made an oral decision and stated among other things that he could not accept the version of the appellant that Thordsen committed any assault or battery upon him or that he produced any gun; and that he was very much impressed by the testimony of Thordsen, but was not as well impressed with the testimony of appellant. The trial judge indicated he had some doubt as to the lawful right of Thordsen to search appellant's room, even though he might have had reasonable or probable cause to make a visit thereto, but expressed the view that, assuming he had no such lawful right to search, there was no satisfactory showing of any conduct on the part of Thordsen for which compensatory damages could be awarded. Subsequently, the court made and entered findings of fact substantially in accord with the version of the transaction given by Thordsen and specifically found that Thordsen did not strike or assault appellant; did not insult or abuse him and did not pull or exhibit any gun; and that the transaction between the parties relative to the sum of twenty dollars related to a private matter between appellant and Thordsen and had no connection with Thordsen's duties as a house officer for the hotel company and entered a judgment dismissing the action.

In our consideration of the assignment of error in the refusal of the court to find for appellant, we are guided by Rem. Rev. Stat., § 1736 [P. P. C. § 5-65], the material part of which is as follows:

" . . . in actions legal or equitable, tried by the court below without a jury, wherein a statement of facts or bill of exceptions shall have been certified, the evidence of facts shown by such bill of exceptions or statement of facts shall be examined by the supreme court de novo, . . . and the cause shall be determined by the record on appeal . . . ."

Upon examining the statement of facts, we find only the uncorroborated testimony of appellant and respondent Thordsen as to what transpired when the latter visited the room occupied by appellant. We are somewhat at a loss to understand why appellant would consult an attorney and have litigated a matter of this kind with its attendant publicity, if his version of the transaction was untrue; but as we are confronted with the printed record only, and the testimony of the appellant and Thordsen is so completely at variance, we must look to the findings of fact made by the trial judge to assist us, having in mind that he had the opportunity of seeing the witnesses, hearing them testify, and observing their conduct and demeanor, all of which is necessary in order to fairly and impartially weigh the testimony given by them. We conclude that the officers had reasonable grounds upon which to justify their visit to the room occupied by appellant and demand that they be permitted to enter, but find much difficulty in determining which of the interested parties is to be believed. There is nothing inherently improbable in the respective versions given by them. The events could have transpired as stated by either party. The appellant had the affirmative of the issue of fact raised by him, and there was cast upon him the burden of proving his version by a fair preponderance of the evidence. Weighing the testimony of the two parties aided by the findings of fact made by the trial court, we conclude that the burden of proof has not been sustained by appellant. Hav-

ing reached such conclusion, it is not necessary to discuss the questions of law presented by appellant.

The judgment is affirmed.

BEALS, C. J., BLAKE, ROBINSON, and JEFFERS, JJ., concur.

January 4, 1946. Petition for rehearing denied.